UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Liliana Carolina Yanes, individually and on behalf of all others similarly situated,, | ) ) ) **Case No. 23-cv-09454** |
| Plaintiff(s), | ) ) **[PROPOSED]** |
| | ) **ORDER IN FLSA CASE** |
| -against- | ) **REQUIRING** |
| | ) **DISCOVERY AND** |
| Nilkhant 2 Car Wash, LLC d/b/a Bethpage Car Wash, Rakeshbhai Patel, Darpan Patel and Ronak Patel,, | ) **SETTING INITIAL** ) **PRETRIAL SCHEDULE** |
| | ) |
| Defendant(s). | ) |

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case. Fed. R. Civ. P. 16. The following order implements that requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are waived in this case. Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements:

1. By **May 17, 2024**, the parties must serve on each other (but not file) copies of the following:

**Plaintiff.** The documents in the Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

**Defendant.** The time sheets or other time records and payroll records in the Defendant's possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages [and] The policies and practices on compensating workers performing the relevant type of work.

2. By **May 31, 2024**, the Plaintiff must answer the Court's Interrogatories attached to this Order, under oath or penalty of perjury and serve a copy on the Defendant.

3. In collective actions, the exchange of documents in Paragraph 1 will occur for the named Plaintiffs and for the opt-in Plaintiffs who join the action before a court-approved opt-in notice is issued. This document exchange will occur within 21 days after the opt-in notices are filed with the Court. Each opt-in Plaintiff will serve his or her respective answers to the Court's Interrogatories within an additional 21 days.

4. By **June 28, 2024,** after the Plaintiff serves answers to the Court's Interrogatories, counsel for the Plaintiff and the Defendant must meet and confer in person in good-faith effort to settle all pending issues, including attorneys' fees and costs. The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

5. By **July 5, 2024**, counsel must jointly file a Report Regarding Settlement that notifies the Court:

(1) whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval;

(2) whether the parties have not settled the case but want to continue settlement discussions with each other for a specific period, not to exceed two weeks;

(3) whether the parties are unable to reach settlement, at which point the Court will refer the action to mediation.

6. Until the parties file the Discovery Planning Report, all discovery in this case is STAYED, except as provided in this Order. In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Discovery

Planning Report lifting the stay on these proceedings.

7. If the parties settle at a later time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

8. Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements. Exceptions will be granted only for compelling reasons.

9. The parties may move to alter this schedule for good cause. Any such request shall only be made after the parties confer, and shall be made by joint letter request filed via this Court's ECF system.

MOSER LAW FIRM, P.C.

By: _____
    Steven John Moser, Esq.
Attorney for Plaintiff
5 East Main Street
Huntington, New York 11743
(516) 671-1150
steven.moser@moserlawfirm.com

_____
IRA LEVINE, ESQ.
Attorney for Defendants
543 Broadway
Massapequa, New York 11758
(516) 541-1072
ilevinelaw@optonline.net

Dated: Central Islip, New York
_____
ANNE Y. SHIELDS
United States Magistrate Judge